CLAYPOLE, APPELLANT, *v.* NORRIS ET AL., APPELLEES.

(No. 8849—Decided November 14, 1960.)

*Mr. Howard P. Shuetts*, for appellant.
*Mr. Roger B. Baxter*, for appellees.

MATTHEWS, P. J. This is an action to contest the will of Benjamin F. Ayer, deceased. The petition was filed on July 9, 1959. Attached to the petition was a praecipe directing the clerk of courts to issue summons, directing the sheriff to serve each of the seventeen defendants. Heading the list of defendants is "Wilbur M. Norris individually and as executor of the estate of Benjamin F. Ayer, deceased." In accordance with the praecipe a summons was issued directing the sheriff to notify "Wilbur M. Norris individually and as executor of the Estate of Benjamin F. Ayer, deceased." This summons was dated July 9, 1959. The sheriff made his return on the same day on the reverse side of the summons in this language: "Also served Wilbur M. Norris individually * * * and Wilbur M. Norris * * * and Bruce Swanson * * * by leaving a true copy of this writ with all endorsements thereon at the usual place of residence of each of them." On August 10, 1959, by leave of court, the defendant Wilbur M. Norris "individually and as executor of the estate of Benjamin F. Ayer, deceased," filed an answer.

Two of the next of kin were not served personally. An affidavit was filed concurrently with the filing of the petition for constructive service on them. This affidavit averred that "certain defendants herein reside and/or are domiciled outside the state of Ohio; that the names of said defendants and their last known places of residence are as follows: Lillian Clark, 1033 Ridgewood, Ames, Iowa, Wilmot Swanson, Lakewood, Wisconsin"; and that service of summons on them could not be made in the state of Ohio.

On November 18, 1959, the defendant Wilbur M. Norris, individually and as executor, moved the court to set aside the entry approving and to quash the service of summons by publication on Lillian Clark and Wilmot Swanson, and to dismiss the petition for want of jurisdiction on the ground that the affidavit from which we have quoted was insufficient in law to confer jurisdiction upon the named defendants, and that the time has elapsed as to Lillian Clark, and service cannot now be made so as to confer jurisdiction, as the action had not been commenced as to all necessary parties within six months from the probate of the will.

The trial court sustained the motion and dismissed the action. The appeal is from that order.

(1) Under the circumstances of this case, we are prepared to hold that Wilbur M. Norris, both individually and as executor of the will of Benjamin F. Ayer, deceased, was properly served. In every respect, excepting the return of the sheriff, the service conformed to the letter of the law; and as to the return, it bears evidence upon its face that the failure to designate Wilbur M. Norris as executor was a simple oversight on the part of the sheriff, which, on motion, would have been corrected. He was described as executor in the praecipe. He was also so described in the caption as well as in the body of the petition. He was likewise described in the summons, a copy of which he received at the time of service. Under such circumstances, it seems to the court that it would be a sacrifice of reality to mere form to hold that this service was void. We are of the opinion that this case on this point comes within the spirit of the case of *Abbott* v. *Dawson, Exr.*, 167 Ohio St., 238.

There is another reason for holding that the court had jurisdiction over Wilbur M. Norris, both individually and as executor of the estate of Benjamin F. Ayer, deceased.

On August 10, 1959, Wilbur M. Norris in his capacity as an individual and as executor of the will of Benjamin F. Ayer, deceased, filed an answer in this case, and by so doing entered his appearance, and became a party hereto, and thereby dispensed with the necessity of serving summons on him in either capacity.

(2) The other reason assigned for lack of jurisdiction to hear this will contest is that the affidavit upon which constructive service is based is defective, in that the exact words of the statute, that is, that the words "not a resident" are not used, and that, therefore, the service is void, and as the statutory time for service by publication or otherwise has elapsed, jurisdiction cannot be conferred upon the court by any form of service hereafter.

If the premise were sound, we undoubtedly would reach that conclusion. However, we cannot concur in the premise. On the contrary, we are of the opinion that the affidavit for constructive service complies with all the essential requirements of the statute.

552

We find no other error, prejudicial to appellant, apparent upon the record.

For error in sustaining the motion to quash and in dismissing the action, the judgment of the Court of Common Pleas is reversed, and the cause remanded to that court for further proceedings according to law.

*Judgment reversed.*

LONG and O'CONNELL, JJ., concur.